WhitakeR, Judge,
delivered the opinion of the court:
These are actions to recover retired pay, the right to which first accrued more than six years prior to the filing of the petition in each case, on the theory that within six years of the filing of the petition the Board for Correction of Naval Records corrected plaintiffs’ records to show they were entitled to the pay they claim for the period in question, and that this created a new cause of action.[1]
The cases are before us on motions for summary judgment filed by the plaintiffs and cross-motions for summary judgment filed by the defendant in each case. The defendant, in all three cases, has moved for summary judgment on the ground that the claims are barred by the six-year statute of limitations applicable to claims in this court because the claim of each plaintiff accrued on the day he was last released to inactive duty, and that date, in the case of each plaintiff, was more than six years prior to the filing of his petition in this court. On the other hand, the plaintiffs say *341 that their respective claims accrued when the Board for Correction of Naval Becords corrected the records of each of the plaintiffs to show each of them was entitled to the pay claimed for the period in question and its action in each case was approved by the Secretary of the Navy, and the Navy subsequently refused to pay.
We shall state the facts in the Haislip case. The essential facts in the other cases are the same except as to dates and rank.
Plaintiff Haislip, after having been previously retired for physical disability, was recalled to active duty and was thereafter returned to the retired list on February 10, 1946. At that time he was receiving the active duty pay of a captain with more than 30 years’ service; however, upon his return to the retired list, he was paid retired pay based on service of more than 21 years but less than 24 years.
After our decision in Gordon v. United States, 134 Ct. Cl. 840, holding that an officer, recalled to active duty after retirement and later returned to the retired list, was entitled to include the time he was in an inactive status in computing his retired pay, plaintiff brought suit here and also filed a claim with the Comptroller General claiming that, counting the period of his inactive status, he had had more than 30 years’ service, and was entitled to retired pay based on this length of service. The Comptroller General allowed plaintiff’s claim for the ten-year period prior to the filing of his claim with him, but disallowed it for the period which accrued prior thereto. His suit in this court was thereupon dismissed, on plaintiff’s motion.
Thereafter plaintiff requested the Board for Correction of Naval Becords to correct his record to show that he was entitled to the pay claimed for the period disallowed by the Comptroller General.
On June 15,1959, the Board rendered its “decision” on the application of Major Gordon, an officer in the Marine Corps, together with a number of other similar applications, including those of the plaintiffs in the cases now before us. The facts, in the case of Major Gordon, are in all material respects similar to the facts with respect to the other applicants.
*342 The Board found that in its prior report of July 24,1958, it bad recited the denial by the Comptroller General of Gordon’s claim for increased retired pay, his suit in this court, and our decision on it, and the subsequent payment of the claim by the Comptroller General for the ten-year period prior to the filing of the claim with him, and its recommendation that—
Major Gordon’s naval record be corrected, where appropriate, to show his entitlement to adjustment of retired pay in accordance with the provisions of Section 15, paragraph 4 of the Pay Readjustment Act of 1942 for the period 13 May 1943 to 16 March 1944, inclusive. * * *
It further found that the Secretary of the Navy had approved the Board’s recommendation on 21 October, 1958.
The Board then rendered its “decision” on the rights of Major Gordon, based on the facts shown by his record and the applicable statute. It directed that his record be “corrected” to show that he had these rights. The Board then recommended the payment of “all monies lawfully found to be due from the Department of the Navy.” The action of the Board was approved by the Assistant Secretary of the Navy.
It will be noted that the Board did not recommend the correction of any fact appearing in Gordon’s record.
However, notwithstanding the Board’s decision, the Navy Department refused to pay plaintiff because of a ruling by the Comptroller General contained in a letter from the Assistant Comptroller General to the Finance and Accounting Officer of the Army, in the case of Captain Oleson. Captain Oleson’s record had been “corrected” in a way similar to the “correction” of the records in Gordon, Haislip, and others. The Comptroller General said in part:
Under the provisions of 10 U.S.C. 1552 the Secretary of the Department concerned is authorized to “correct” military records and, it is our view that action under that section, if it is to give rise to a right to the payment of money, must, without exception, be a change of facts as set out in the original record, or an addition to, or a deletion of some of, such facts, such change, addition, or deletion being necessary to establish a proper basis to *343 support the payment. An affirmation of facts already in a military record does not constitute a correction of that record * * *.
Plaintiff then brought suit in this court. After defendant had answered, plaintiff filed a motion for summary judgment and defendant filed a cross-motion on the ground that the claim was barred by the statute of limitations. Manifestly it is barred, unless the “decision” of the Correction Board gave plaintiff a right he had not had before.
We are unable to see how the “decision” of the Correction Board gave plaintiff any right he had not had all along. No fact appearing in plaintiff’s record was changed. The facts remained as they had been. On the basis of those facts, plaintiff was entitled to bring suit immediately after he was returned to the retired list and the denial by the Navy of the claim he now makes. That was in 1946, which was 13 years before his petition was filed in this case. In that 13 years the facts and the law governing his rights have not changed. All that the “decision” of the Board amounted to was a decision that on the basis of those facts plaintiff was entitled to the rights he now claims. The Board’s decision was merely a legal conclusion, based on the law and the facts of record, no one of which was changed by the Board.
Indeed, we had already come to the conclusion that the law was as the Board said it was. We so decided in Gordon v. United States, supra. Would anyone say that our decision in that case gave plaintiff a right he had not had before ? We said in that case that Gordon had had these rights all along, from the time he had been returned to the retired list. And that is all the Correction Board said when it allegedly “corrected” his record. But these rights accrued more than six years prior to the filing of his present suit and, hence, we have no jurisdiction to render judgment, except for the six-year period prior to the filing of plaintiff’s petition. Plaintiff has already been paid for this period and more.
Of course plaintiff is justly entitled to what he asks for, but no more so than thousands of other claimants who have not asserted their rights in time and allowed the statute of limitations to run against them.
*344 In Kavanagh v. Noble, 332 U.S. 535, the Supreme Court said this with reference to statutes of limitations on suits against the United States: “Such periods are established to cut off rights, justifiable or not, that might otherwise be asserted and they must be strictly adhered to by the judiciary.” See also our opinion in Melchior v. United States, 136 Ct. Cl. 483. If we should give plaintiff a judgment, it would be in the face of the statute of limitations of six years on suits in this court. Whether the Correction Board had or had not authority to pay plaintiff, we have not.
It results that plaintiffs’ motions for summary judgment are denied and defendant’s motion in each case is granted. Plaintiffs’ petitions will be dismissed.
It is so ordered.
Laramore, Judge, and JoNES, Chief Judge, concur.

 Plaintiff, Mary S. Simon, is tlie widow of Lt. Cmdr. Robert B. Simon, United States Navy, Retired, and now deceased. Hereafter, reference to '‘plaintiffs” includes Robert B. Simon.