Limitation of actions; accrual of cause of action. — On May 16,1980 the court entered the following order:
Before Friedman, Chief Judge, Nichols and Smith Judges.
This case is before us on cross-motions for summary judgment. Plaintiff alleges that in 1963 he enlisted in the Illinois National Guard; that in 1964 he was given an honorable discharge so he could enlist in the U. S. Army; that he was not given proper credit for his prior 4 % months National Guard service; that because of this failure to give *639 credit he was underpaid during his entire enlistment, which he says ended July 31, 1967. On December 6, 1976, his discharge was corrected to show the prior National Guard service. This was done voluntarily without recourse to the Correction Board. He claims punitive damages in the amount of $150,000. Defendant’s answer says it does not owe $150,000 or any other sum, but admits credit was not given for 4 months, 11 days.
Plaintiffs motion is based on this admission. Defendant alleges it is not required to pay punitive damages under any applicable statute, citing, e.g., Leesona Corp. v. United States, 220 Ct. Cl. 234, 599 F.2d 958, cert. denied, 444 U.S. 991 (1979). Defendant further says it is willing to read the petition to claim back pay, but no such back pay is awardable in this court because our six-year statute of limitations, 28 U.S.C. §2501, had run long before action brought, October 23, 1979. It is a curiosity of this case that neither party tells us whether in fact any pecuniary adjustment accompanied or followed the record correction of December 6, 1976. The petition and plaintiffs motion both seem pregnant with the admission it did, but defendant is willing to assume it did not. We think, as a practical matter, defendant wishes to be excused from investigating its own records and agree that in this case it is unnecessary.
Plaintiff cannot recover punitive damages in any event. Leesona Corp., supra. If a pay adjustment was made on or after December 6, 1976, he cannot recover it again. If it was not, the suit comes too late. The claim belongs in the category of those not dependent on or resultant from any correction of record fact, since plaintiffs military record always included his National Guard service and his legal entitlement to pay reflecting the fact always existed. In such circumstances, the claim accrued not later than plaintiffs discharge, and was barred not later than six years thereafter. Haislip v. United States, 152 Ct. Cl. 339, 296 F.Supp. 469 (1961); Friedman v. United States, 159 Ct. Cl. 1, 310 F.2d 381 (1962), cert. denied, 373 U.S. 932 (1963); Oleson v. United States, 172 Ct. Cl. 9 (1965).
Accordingly, plaintiffs motion for summary judgment is denied, defendant’s motion for summary judgment (so called) is granted, and the petition is dismissed.