This military pay case raises the issue whether the failure of the United States Army to give plaintiff notification, as prescribed in 10 U.S.C. §1448 (1976), of her husband’s election not to participate at the maximum level in the Survivor Benefit Plan (plan), 10 U.S.C. §§1447 et seq. (1976), invalidates her husband’s election and, therefore, entitles plaintiff to coverage under the Survivor Benefit Plan. The case is before the court on plaintiffs motion and defendant’s cross-motion for summary judgment. We hold that this case is controlled by our opinion in Barber v. United States, ante at 287, 676 F.2d 651, and, therefore, plaintiff is entitled to relief.
Plaintiff is the widow of Frederick W. Trone, a former lieutenant colonel in the Army of the United States. At the time of his death, March 25, 1978, Lieutenant Colonel Trone had been retired since May 1, 1977. In the process of retiring, Frederick Trone completed and signed a DA Form 4240 on April 27, 1977, thereby electing not to participate in the Survivor Benefit Plan at the maximum level. This election had the effect of reducing the payments Frederick Trone would have had to make, out of his retired pay, in order to fund any survivor annuity and, therefore, reducing any survivor benefits.
Plaintiff claims, and defendant does not refute, that the Army did not notify her of her husband’s election until after his death. Plaintiff claims that the Army’s failure to give proper notification violates 10 U.S.C. §1448 (1976) and, therefore, she is entitled to the maximum survivor benefits allowed by law. Plaintiff raised this claim before the Army Board for Correction of Military Records (board) on March 12, 1979. On October 10, 1979, the board denied plaintiffs claim upon the ground that Frederick Trone’s election was irrevocable and the Army’s failure to provide plaintiff proper notification had no effect on its irrevocability. On May 27, 1980, plaintiff filed her petition with this court.
Section 1448(a) of title 10 of the United States Code (1976) provides, in part, that:
*906 (a) The Plan applies to a person who is married or has a dependent child when he becomes entitled to retired or retainer pay unless he elects not to participate in the Plan before the first day for which he is eligible for that pay. If a person who is married elects not to participate in the Plan at the maximum level or elects to provide an annuity for a dependent child but not for his spouse, that person’s spouse shall be notified of the decision. An election not to participate in the Plan is irrevocable if not revoked before the date on which the person first becomes entitled to retired or retainer pay. * * * [Emphasis supplied.]
Army Regulation No. 608-9, chapter 2 (Mar. 24, 1975), provides that:
2-3. Notification of spouse. If a married retiring member decides not to participate in the Plan, elects less than maximum spouse coverage, or designates children and omits the spouse as beneficiary, the military personnel officer or commander is required to notify and counsel the spouse (chap. 7). [Emphasis supplied.]
Army Regulation No. 608-9, chapter 7 (Mar. 24, 1975), provides that:
7-4. Counseling of spouse, a. If a married member declines participation or elects less than maximum spouse or spouse and children coverage, the spouse must be contacted in advance of retirement by the member’s commander or military personnel officer and made fully aware of the member’s decision. [Emphasis supplied.]
Defendant argues first that we have no jurisdiction over this case. Defendant bases this argument on its characterization of plaintiffs claim as being based in tort or founded in a statute which cannot be read to grant plaintiff a right and to provide for a payment of money incident to that right. Defendant next argues that the board’s decision should be upheld as being supported by substantial evidence and not arbitrary and capricious. Defendant finally argues that, since 10 U.S.C. §1448 (1976) provides that "an election not to participate in the Plan is irrevocable if not revoked before the date on which the person first becomes entitled to retired pay,” the Army’s failure to notify plaintiff does not revoke Frederick Trone’s election.
As stated above, we recently addressed the same issues raised by the parties in our Barber opinion, supra, and held that notification of a service member’s spouse of the member’s election out of maximum survivor benefits is a *907 prerequisite to a proper election. Therefore, absent proper notification, the member’s election is void. .
Barber held that we have jurisdiction over plaintiffs claim. The court stated that 10 U.S.C. §1450 (1976) requires the payment of monthly annuities for the beneficiaries of each participant in the plan. Therefore, if the service member’s election out of the plan is nullified, defendant is liable for the payment of a larger annuity to the beneficiaries.
The court then noted that the statutory scheme protects the rights of service members’ survivors by making participation in the plan compulsory for each retiree, unless he affirmatively chooses not to participate. However, the court also noted that the statute never premises the members’ right to elect out of the plan upon notification being given to the spouse. Whether to elect out of the plan is solely the decision of the service member. This focuses the issue in this case: What role does notification play in a statutory scheme which is designed to protect and provide for service members’ survivors, but which also leaves to the sole discretion of the service member the decision whether, and to what degree, to participate in the plan?
The heart of the Barber opinion is a thorough analysis of the legislative history of the plan. The court came to the conclusion that the plan’s history demonstrates "that Congress intended that an election out of the plan would not be binding unless the statutory notice requirement was satisfied.” Ante at 296, 676 F.2d at 657.
In light of the above, we hold that plaintiff is entitled to full coverage under the plan, and the attendant survivor benefits, from the date of Frederick W. Trone’s death, March 25, 1978, until the date on which her eligibility expires under the terms of the plan. We further hold that accrued benefits to which plaintiff is presently entitled shall be offset by the contributions to the plan Frederick Troné would have paid from the date of his retirement to the date of his death, if he had not elected out of the plan.
it is therefore ordered, upon consideration of the submissions and the record, and after hearing oral argument, that plaintiffs motion for summary judgment is granted. Defendant’s cross-motion for summary judgment *908 is denied. Judgment is entered for plaintiff and the case is remanded to the trial division for proceedings under Rule 131(c) for computation of damages.
On December 22, 1982 the court, pursuant to stipulation, entered judgment for plaintiff for $34,670.63.