**Jewell M. HART, Plaintiff–Appellee,**

v.

**The UNITED STATES, Defendant–Appellant.**

No. 90–5007.

United States Court of Appeals, Federal Circuit.

Aug. 2, 1990.

Jewell M. Hart, Hampstead, N.C., pro se.

James M. Kinsella, Commercial Litigation Branch, Dept. of Justice, of Washington, D.C., argued for defendant-appellant. With him on the brief were Stuart M. Gerson, Acting Asst. Atty. Gen. and David M. Cohen, Director. Also on the brief was Captain Paul C. Clark, Office of the Judge Advocate Gen., U.S. Air Force, Washington, D.C., of counsel.

Before MARKEY, Circuit Judge,* SKELTON, Senior Circuit Judge, and DUPLANTIER, District Judge.**

DUPLANTIER, District Judge.

The United States Claims Court decided that this suit for annuity benefits under the Survivor Benefit Plan, 10 U.S.C. §§ 1447–1455 (1982), filed by a widow more than six years after the death of her military retiree husband, is not barred by the statute of limitations, 28 U.S.C. § 2501 (1988), as to benefits which had become due and payable to her within six years prior to her filing suit, on the ground that it is a "continuing" claim. *Hart v. United States*, 17 Cl.Ct. 481 (1989). The United States appeals that decision. We reverse.

## BACKGROUND

Jewell M. Hart is the widow of Sergeant Gene Cleon Hart, who retired from active duty with the United States Air Force in 1976. At the time of or after his retirement, Sergeant Hart elected not to participate in the Survivor Benefit Plan (SBP). Sergeant Hart died on October 15, 1980.

Mrs. Hart filed suit on October 18, 1988, seeking to recover SBP annuity benefits allegedly due her since the date of her husband's death. She alleged that the

---

* Circuit Judge Markey vacated the position of Chief Judge on 27 June 1990.

** Judge Adrian G. Duplantier of the United States District Court for the Eastern District of Louisiana, sitting by designation.

government failed to notify her of her husband's decision not to participate in the SBP, as required by 10 U.S.C. § 1448(a)(3)(A).[1]

The government moved to dismiss the suit, contending that the claim is barred by the statute of limitations. Plaintiff moved for summary judgment. The Claims Court denied the government's motion in part, holding that the claim for SBP annuity benefits was a "continuing" claim and, therefore, the claim for those benefits accruing within six years of the time suit was filed was not time barred. Thereafter, the court granted plaintiff's motion for summary judgment, except for benefits which accrued more than six years before suit was filed.

## OPINION

■ The United States Claims Court lacks authority to consider claims and grant relief against the government, absent congressional consent. *United States v. Testan,* 424 U.S. 392, 399, 96 S.Ct. 948, 953–54, 47 L.Ed.2d 114 (1976). This consent to suit must be explicit and strictly construed. *United States v. Mitchell,* 445 U.S. 535, 538, 100 S.Ct. 1349, 1351–52, 63 L.Ed.2d 607 (1980). Consent cannot be implied, but must be unequivocally expressed. *United States v. Testan,* 424 U.S. at 399, 96 S.Ct. at 953–54. When Congress authorizes suit against the United States, the terms of the statute waiving sovereign immunity define the extent of the court's authority to consider claims for money against the United States. *United States v. Sherwood,* 312 U.S. 584, 586, 61 S.Ct. 767, 769–70, 85 L.Ed. 1058 (1941). As the Supreme Court has stated:

> The basic rule of federal sovereign immunity is that the United States cannot be sued at all without the consent of Congress. A necessary corollary of this rule is that when Congress attaches conditions to legislation waiving the sovereign immunity of the United States, those conditions must be strictly observed, and exceptions thereto are not to be lightly implied.

*Block v. North Dakota ex rel. Board of University & School Lands,* 461 U.S. 273, 287, 103 S.Ct. 1811, 1819–20, 75 L.Ed.2d 840 (1983).

■ Exceptions cannot be engrafted on the statute of limitations so as to allow claims to be asserted beyond the six year time limit set forth in Section 2501. *Soriano v. United States,* 352 U.S. 270, 273–74, 77 S.Ct. 269, 271–72, 1 L.Ed.2d 306 (1957). Only Congress can lengthen the time period for bringing suit against the United States. *See O'Callahan v. United States,* 451 F.2d 1390, 1394, 196 Ct.Cl. 556 (1971).

■ In the Claims Court, consent to suit is based on the Tucker Act, 28 U.S.C. § 1491 (1982). The statute of limitations is an express limitation on the Tucker Act's waiver of sovereign immunity. *Soriano v. United States,* 352 U.S. at 273–74, 77 S.Ct. at 271–72. "Every claim of which the United States Claims Court has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues." 28 U.S.C. § 2501 (1988).

■ A claim first accrues and the six year statute of limitations begins to run (28 U.S.C. § 2501), "when all the events have occurred which fix the liability of the Government and entitle the claimant to institute an action." *Kinsey v. United States,* 852 F.2d 556, 557 (Fed.Cir.1988) (quoting *Oceanic Steamship Co. v. United States,* 165 Ct.Cl. 217, 225 (1964)).

■ Persons retiring from the military after the effective date of the SBP are automatically enrolled in the plan. *Barber v. United States,* 676 F.2d 651, 654, 230 Ct.Cl. 287 (1982). A member of the military who does not want to participate in the SBP must elect not to participate. 10 U.S.C. § 1448(a)(2)(A) (1976). If a member elects not to participate, the military is required to notify the member's spouse of the election. 10 U.S.C. § 1448(a)(3)(A) (1976). The military's failure to notify the

1. 10 U.S.C. § 1448(a)(3)(A) (1976) provides, in pertinent part: "If a person who is married elects not to participate in the Plan at the maximum level, ... that person's spouse shall be notified of the decision."

member's spouse voids the member's election not to participate in the SBP. *Barber v. United States*, 676 F.2d at 654. If the member's election not to participate is void, the member is automatically enrolled in the plan. *Id.*

It is undisputed that prior to his retirement, Sergeant Hart elected not to participate in the SBP. It is also undisputed that the military failed to notify Mrs. Hart that her husband had elected not to participate. Therefore, Sergeant Hart's election was void, and he was automatically enrolled in the SBP. *Id.*

Since Sergeant Hart was enrolled in the plan, only one contingency remained before plaintiff became eligible to receive SBP annuity benefits, i.e., Sergeant Hart's death. "Effective as of the first day after the death of [the military retiree], a monthly annuity under section 1451 of this title shall be paid to (1) the eligible widow or widower or the eligible former spouse." 10 U.S.C. 1450(a)(1) (1976). As the statute specifically states, the annuity became due and payable to plaintiff the day after her husband's death. Therefore, on the day after Sergeant Hart's death, all events fixing the government's liability to his widow had occurred.

On the day after her husband's death, plaintiff could have filed suit for SBP annuity benefits accruing from the date of her husband's death to the date of judgment. The effect of that judgment would have been to establish the only three requisites for her to receive benefits: Sergeant Hart's prior military service, the government's failure to notify his wife of his election not to participate, and his death. His death was the last event "which fix[ed] the liability of the Government and entitle[d] the claimant to institute an action." *Kinsey v. United States*, 852 F.2d at 557.

Plaintiff argues that she has a new claim each month for the prior month's SBP annuity benefit and that her claim as to that monthly sum "first accrues" on the first day of each month. The Claims Court agreed, concluding that plaintiff's claim was a "continuing" claim, relying on dicta in *Friedman v. United States*, 310 F.2d 381, 159 Ct.Cl. 1 (1962), *cert. denied sub nom. Lipp v. United States*, 373 U.S. 932, 83 S.Ct. 1540, 10 L.Ed.2d 691 (1963). The result of the Claims Court's decision would be that the statute of limitations would never run in a claim such as this one, with respect to the six years of benefits preceding the filing of suit and thereafter. Because all events necessary to her benefits claim had occurred when her husband died, we conclude that plaintiff's claim for SBP annuity benefits is not a "continuing" claim.

▆ The statute of limitations "has long been regarded ... as a meritorious defense, in itself serving a public interest." *Guaranty Trust Co. of N.Y. v. United States*, 304 U.S. 126, 136, 58 S.Ct. 785, 790, 82 L.Ed. 1224 (1938). The public interest served by the statute of limitations is two fold. First, it protects the government from having to defend suits long after the events sued upon have occurred. *United States v. Kubrick*, 444 U.S. 111, 117, 100 S.Ct. 352, 356–57, 62 L.Ed.2d 259 (1979). Second, it puts an end to the possibility of litigation after a reasonable time. *Guaranty Trust Co. of N.Y. v. United States*, 304 U.S. at 136, 58 S.Ct. at 790–91.

▆ A person, such as Mrs. Hart, who has a claim against the government must file suit in the same timely manner that the government must file suit on its own claims against its citizens. As a statute of repose, the statute of limitations is intended both to limit the opportunity to file suits, and to limit the obligation to defend against them. The government is not required "to keep its courts open indefinitely for one who neglects or refuses to apply for redress until it may fairly be presumed that the means by which the other party might disprove his claim are lost in the lapse of time." *Wilson v. Iseminger*, 185 U.S. 55, 62, 22 S.Ct. 573, 575, 46 L.Ed. 804 (1902). The longer that a person waits to assert a claim for SBP annuity benefits, the more difficult it is for the government to defend the suit.

▆ The statute of limitations is jurisdictional in nature and, as an express limi-

tation on the waiver of sovereign immunity, may not be waived. Courts are not free to engraft exceptions on the statute of limitations. Should Congress so desire, it may lengthen the time for bringing suit against the government. However, Congress has not chosen to extend the time limit for suits such as this one.

REVERSED.