918 F.2d 188
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Fatmeh K. FILE, Plaintiff-Appellant,
v.
The UNITED STATES, Defendant-Appellee.
 No. 90-5012.
 United States Court of Appeals, Federal Circuit.
 Oct. 29, 1990.
 
 1
 Before MARKEY,* Circuit Judge, MAYER, Circuit Judge, and WILL, Senior District Judge.**
 
 DECISION
 
 2
 WILL, Senior District Judge.
 
 
 3
 The judgment of the United States Claims Court, File v. United States, No. 327-88C (Cl.Ct. Aug. 18, 1989), granting defendant-appellee's motion to dismiss, is affirmed.
 
 OPINION
 
 4
 Colonel Kenneth File retired from the Army in 1968. Subsequently, in 1972, Congress enacted the Armed Forces Survivor Benefit Plan (SBP), which, with a grandfather clause, made it possible for pre-1972 retirees like File to sign up for the new annuity benefits for their survivors by affirmatively opting in on or before Sept. 21, 1973. Pub.L. No. 92-425, 86 Stat. 706-713 (1972), codified at 10 U.S.C. Sec. 1447-1455 (1970 & Supp. II 1972). See generally Passaro v. United States, 774 F.2d 456, 457 (Fed.Cir.1985). Colonel File never opted in. In fact, in August 1973, he opted out--he elected not to sign up for SBP benefits for his wife.
 
 
 5
 In 1979, Colonel File died. In 1988, his widow, Fatmeh K. File, sued to recover SBP benefits, notwithstanding her husband's election not to participate. The Claims Court dismissed Mrs. File's suit for lack of jurisdiction. We affirm.
 
 
 6
 Shortly after SBP was enacted, the Army sent a printed bulletin to retirees announcing the new benefits. That bulletin misstated the requirements for eligibility for pre-SBP retirees, and Mrs. File urges that her husband relied on the erroneous statements in the bulletin in electing not to participate. She has offered no direct evidence of her husband's reliance. But even if he acted in reliance on the mistaken information in the bulletin, the fact remains that Congress, through Sec. 1455(3)(b), limited participation for pre-1972 retirees to those who affirmatively opted in to SBP, which Colonel File did not do. Mrs. File's eligibility for benefits is doomed by her husband's decision not to participate. That Colonel File may have based his decision on a bum steer from the government is, if regrettable, nonetheless irrelevant. There is no basis here for equitable estoppel. The SBP statute required an affirmative election and Colonel File did not make one, and the doctrine of estoppel "cannot override the command of the Appropriations Clause ... [and] cannot grant ... a money remedy that Congress has not authorized." Office of Personnel Management v. Richmond, 110 S.Ct. 2465, 2472 (1990).
 
 
 7
 Only an affirmative decision by Colonel File to participate in the SBP could have given Mrs. File a vested money interest, a necessary incident to jurisdiction under the Tucker Act. In view of her husband's affirmative decision not to participate, Mrs. File does not have a vested, presently due money interest--and no equitable estoppel claim either. The Claims Court correctly concluded that it had no jurisdiction. Passaro, 774 F.2d at 458-459.
 
 
 8
 Finally, jurisdiction is also missing because the statutory limitations period has run. Colonel File died in 1979, starting the limitations period. This action was not filed until 1988, nine years later. The statute of limitations is six years, 28 U.S.C. Sec. 2501 (1988), and a claim for SBP monthly annuity benefits is not a "continuing claim" which re-accrues with every scheduled payment. Hart v. United States, 1990 U.S. App. LEXIS 13086 (Fed. Cir.). Mrs. File filed too late.
 
 The judgment of the Claims Court is
 
 9
 AFFIRMED.
 
 
 
 *
 Circuit Judge Markey vacated the position of Chief Judge on June 27, 1990
 
 
 **
 The Honorable Hubert L. Will, Senior District Judge, United States District Court for the Northern District of Illinois, sitting by designation