**FARMERS GRAIN CO. OF ESMOND, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

No. 92–767C.

United States Court of Federal Claims.

Oct. 22, 1993.

Matson B. Tucker, Chicago, IL, for plaintiff. Keith C. Hannigan and Mayer, Brown & Platt, of counsel.

Philip A. Shaikun, Washington, DC, with whom was Acting Asst. Atty. Gen. Stuart E. Schiffer, for defendant. David M. Cohen, Director, and Sharon Y. Eubanks, Asst. Director, of counsel.

### OPINION AND ORDER

FUTEY, Judge.

This contract case is before the court on defendant's motion to dismiss. Plaintiff, Farmers Grain Company of Esmond (Farmers Grain), a farmer's cooperative which operates grain warehouse facilities, alleges, under count I, that the Commodity Credit Corporation (CCC), a wholly owned government corporation, breached a contract with Farmers Grain. Plaintiff asserts alternatively, under count II, that it should be compensated under a theory of *quantum meruit* for services rendered. Defendant contends that this court does not have jurisdiction over a claim for *quantum meruit* and, also, that plaintiff's complaint should be dismissed for laches.

### Factual Background

On July 1, 1983, Farmers Grain and CCC entered into Uniform Grain Storage Agreement (USGA) No. A17–3–CCC–244J, wherein Farmers Grain agreed to receive, store and load out grain held or owned by CCC. Although Farmers Grain ceased to be a licensed Illinois grain warehouse on September 30, 1986, the contract remained in effect and CCC continued to store grain in plaintiff's warehouses. Plaintiff alleges that between October 6, 1986 and February 18, 1987, Farmers Grain stored and loaded out 2,000,000 bushels of grain owned or held by CCC. Plaintiff further asserts that under the contract, CCC agreed to pay Farmers Grain .658 cents per bushel per day for storage of corn and wheat, .712 cents per bushel per day for storage of soybeans and .07 dollars per bushel for load out of grain.

On November 5, 1987, plaintiff presented a claim to the contracting officer (CO) for $723,746.76, but did not present its claims for storage and load out charges with that claim. The storage and load out claims were first pursued by plaintiff in its 1988 action before the Board of Contract Appeals (Board). *See Farmers Grain Co. of Esmond*, AGBCA Nos. 88–192–1, 88–250–1, 92–3 BCA, ¶ 25,072, 1992 WL 108002. The Board dismissed the claim for lack of jurisdiction, because plaintiff had failed to present the claim first to the CO. *Id.* at 124, 961. These claims were then presented to the CO on June 5, 1992, approximately 5 years and 4 months after the grain was loaded out. The CO denied the claim on September 15, 1992.

Plaintiff filed a complaint in this case pursuant to the Contract Disputes Act of 1978 (CDA), 41 U.S.C. §§ 601–13 (1988), on November 5, 1992, seeking $179,968.51. Under the contract, Farmers Grain is claiming $130,311.47 for load out services, and $49,657.04 for storage charges, a total of $179,968.51, asserting that it has not been paid for any services rendered after October 6, 1986. Alternatively, plaintiff requests the same amount for its services under a theory of *quantum meruit.*

Defendant filed a motion to dismiss on February 18, 1993, maintaining that this court lacks jurisdiction over a claim for *quantum meruit.* Defendant also asserts that both count I and II should be dismissed for laches.

### Discussion

In ruling on a motion to dismiss for lack of subject matter jurisdiction under RCFC 12(b)(1), the court must accept as true the complaint's undisputed factual allegations and should construe them in the light most favorable to plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *Hamlet v. United States*, 873 F.2d 1414, 1415 (Fed. Cir.1989); *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 747 (Fed.Cir. 1988). The court in *Raymark Indus., Inc. v. United States*, noted—

[A] plaintiff must make only a *prima facie* showing of jurisdictional facts through the submitted material in order to avoid a defendant's motion to dismiss ... any greater burden "would permit a defendant to obtain a dismissal simply by controverting the facts established by a plaintiff through his own affidavits and supporting materials."

15 Cl.Ct. 334, 338 (1988) (*citing Data Disc, Inc. v. Systems Tech. Assoc., Inc.*, 557 F.2d 1280, 1285 (9th Cir.1977)). If the undisputed facts reveal any possible basis on which the non-moving party might prevail, the court must deny the motion. *Scheuer*, 416 U.S. at 236, 94 S.Ct. at 1686; *W.R. Cooper Gen. Contractor, Inc. v. United States*, 843 F.2d 1362, 1364 (Fed.Cir.1988). If the motion challenges the truth of the jurisdictional facts alleged in the complaint, however, the court may consider relevant evidence in order to resolve the factual dispute. *Rocovich v. United States*, 933 F.2d 991, 994 (Fed.Cir.1991). The court should "look beyond the pleadings and decide for itself those facts, even if in dispute, which are necessary for a determination of [the] jurisdictional merits." *Raymark* 15 Cl.Ct. at 335, *citing La Mear v. United States*, 9 Cl.Ct. 562, 568 n. 6 (1986), *aff'd*, 809 F.2d 789 (Fed.Cir.1986).

### I. Count II: Claim for Quantum Meruit

Count II of plaintiff's complaint is essentially count I reasserted on a basis of *quantum meruit.* The Court of Claims defined *quantum meruit* to mean "as much as he merited." *United States v. Amdahl*, 786 F.2d 387, 393 n. 6 (Fed.Cir. 1986) (*quoting Urban Data Systems, Inc. v. United States*, 699 F.2d 1147, 1154 (Fed. Cir.1983)). Typically, an action based upon *quantum meruit* "is an action on a contract implied in law, as distinguished from a suit on a contract implied in fact." *Fincke v. United States*, 675 F.2d 289, 230 Ct.Cl. 233, 246 (1982); *Wells Fargo Bank, N.A. v. United States*, 26 Cl.Ct. 805, 817 (1992). The Supreme Court has held that this court lacks jurisdiction to hear suits based on implied-in-law contracts. *United States v. Mitchell*, 463 U.S. 206, 218, 103 S.Ct. 2961, 2968, 77 L.Ed.2d 580 (1983); *see*

*also, Sharkey v. United States,* 17 Cl.Ct. 643, 652 (1989) (*citing Aetna Casualty & Sur. Co. v. United States,* 655 F.2d 1047, 228 Ct.Cl. 146, 164 (1981)). Nonetheless, the Court of Appeals for the Federal Circuit has held that—

> Where a benefit has been conferred by the contractor on the government in the form of goods or services, which it accepted, a contractor may recover at least on a *quantum valebant* or *quantum meruit* basis.... The contractor is not compensated under the contract, but rather *under* an implied-in-fact contract.

*Amdahl Corp.,* 786 F.2d at 393. For the purposes of its motion, defendant does not dispute that Farmers Grain stored and loaded out grain owned or held by CCC between October 6, 1986 and February 19, 1987. Defendant also admits that CCC has not paid Farmers Grain for those services. Therefore, viewing the facts in the light most favorable to plaintiff, there is a factual basis upon which Farmers Grain may assert an implied-in-fact contract.

## II. *Laches*

■■■■■ Under the CDA, there is no deadline by which a contractor must bring a claim to the CO. 41 U.S.C. §§ 601–13 (1988). The Tucker Act, however, specifies that suits must be brought in this court within 6 years of the completion of the work. 28 U.S.C. § 2501 (1988). Plaintiff asserts that it has complied with this 6 year limitation.[1] Yet, defendant urges that the affirmative defense of laches may be sought even where there is a timely filing within the statute of limitations.[2] The doctrine of laches is a " 'fairness doctrine' by which relief is denied to one who has unreasonably and inexcusably delayed in the assertion of a claim." *S.E.R., Jobs for Progress, Inc. v. United States,* 759 F.2d 1, 5 (Fed.Cir.1985) (*citing Brundage v. United States,* 504 F.2d 1382, 205 Ct.Cl. 502 (1974)).

■■■■■ Accordingly, to apply the doctrine of laches, defendant must first establish unreasonable and unexcused delay. *S.E.R., Jobs for Progress,* 759 F.2d at 5. Defendant argues that based upon plaintiff's 5 year and 4 month delay in presenting its claims to the CO, this court should apply the doctrine of laches to bar plaintiff's claim. Plaintiff responds that it has not been dormant in acting on its rights, and that it has pursued these claims since 1987 in front of the Board. Defendant counters that, regardless of plaintiff's actions in front of the Board, plaintiff did not present its claims to the CO until 1992.

While plaintiff's attempts to bring its claims directly to the Board, without first submitting them to the CO, were misguided at best, these attempts are still indicative of an active pursuit of a claim. Moreover, the case that defendant cites as "nearly identical" to the instant case involved a far more egregious instance of delay. *La Coste v. United States,* 9 Cl.Ct. 313, 314 (1986) (Court applied laches to bar a claim where, despite numerous inquiries by the CO, over 5 years passed with no communication and no action on the claim by plaintiff. Plaintiff finally initiated suit nearly 10 years after work was completed.) Accordingly, defendant has not established unreasonable delay; the first prong of the laches test.

■■■■■ Additionally, in order to establish laches, defendant must show that it has been prejudiced by the delay. Defendant cites *Wilmot v. United States,* 205 Ct.Cl. 666, 685, 1974 WL 21687 (1974), for the proposition that prejudice to the government has been "manifest from undue delay." In 1988, however, the Court of Appeals for the Federal Circuit, sitting *en banc,* revisited the doctrine of laches in the context of a military back pay case. *Cornetta v. United States,* 851 F.2d 1372, 1378

---

[1] Defendant also suggests that some of plaintiff's claims are not within this 6 year limitation, however, the court for the purposes of this motion must accept plaintiff's assertions as true. Therefore, the court declines to rule on this issue as it is premature at this juncture in the proceedings.

[2] The Court of Appeals for the Federal Circuit has stated that "[l]aches must be applied apart [from] and irrespective of the statute of limitations." *Cornetta v. United States,* 851 F.2d 1372, 1378 (Fed.Cir.1988) (*citing Pepper v. United States,* 794 F.2d 1571, 1573 (Fed.Cir.1986)).

(Fed.Cir.1988). In *Cornetta*, the court clearly stated:

> Notwithstanding any intimations in our earlier cases to the contrary, we reject the notion that the government can rely on a presumption of prejudice, or shift the burden to plaintiff to show lack of prejudice if delay is long, to support the affirmative defense of laches. [Citations omitted.]

Therefore, the mere fact that plaintiff waited 5 years and 4 months to present its claim to the CO, is insufficient to establish prejudice.

 Prejudice may be established by evidence of "loss of records, destruction of evidence, fading memories, or unavailability of witnesses." *Cornetta*, 851 F.2d at 1378. Defendant asserts that witnesses in this case are, "already strained ... to accurately recall detailed facts surrounding the events of 1986 and early 1987." In support of this contention, defendant appends excerpts from the testimonies of David Tuller and James Jones at an administrative hearing on this case held in May of 1991.[3] Although, the excerpts show that the witnesses did not recall certain events, these excerpts are too brief to reveal the context in which they were taken, and the court does not know the import of the testimony of these witnesses to the matter at hand. Therefore, the court is inclined to give these excerpts little weight.

 Defendant also, suggests that it will be another 2 years before this case will come to trial and that it is likely that memories will have faded and key documents will have been lost or destroyed. The assertion that this case will not go to trial for 2 years is too speculative, both as to the progress of this case, as well as to the status of witnesses' memories. Defendant must prove loss of records or destruction of evidence, and cannot prevail upon an assertion that records *may be* lost. Accordingly, defendant has also not satisfied the second prong of the laches test.

3. Defendant's Appendix, Exhibits A, B.

*Conclusion*

For the foregoing reasons, defendant's motion to dismiss is denied. The parties are directed to file a joint status report as to further proceedings by November 22, 1993.

IT IS SO ORDERED.