Vasiliki PRIDE, Plaintiff,

v.

The **UNITED STATES**, Defendant.

No. 97–394C.

United States Court of Federal Claims.

May 18, 1998.

731

Guy J. Ferrante, Falls Church, VA, attorney of record for plaintiff. Alan E. DeWoskin, St. Louis, MO, of counsel.

Craig R. Gottlieb, Department of Justice, Washington, DC, with whom was Assistant Attorney General Frank W. Hunger, for defendant. David M. Cohen, Director, James M. Kinsella, Assistant Director, and Michael

O. Baskin, Office of General Counsel, Defense Finance and Accounting Service, of counsel.

## *OPINION*

FUTEY, Judge.

This case is before the court on defendant's motion to dismiss for lack of subject matter jurisdiction and plaintiff's motion for summary judgment. The parties dispute plaintiff's entitlement to receive the monies due her resulting from the correction of her late husband's military record. Defendant argues that plaintiff's claim is time-barred by the applicable statute of limitations. Plaintiff counters that she timely filed her complaint and that she is entitled to judgment as a matter of law.

### *Factual Background*

Plaintiff is the widow of Chief Master Sergeant (CMSgt.) Carl Pride, who retired from the United States Air Force on November 1, 1978. Prior to his retirement, CMSgt. Pride elected a Survivor Benefit Plan (SBP) annuity for the benefit of his children but not for his wife. The Air Force (defendant) did not notify plaintiff of her husband's designation, despite a statutory requirement to inform her of such an election. *See* 10 U.S.C. § 1448(a) (1976). CMSgt. Pride died on September 13, 1979.[1]

On May 12, 1993, plaintiff petitioned the Air Force Board for Correction of Military Records (Correction Board) to correct her husband's military records to reflect that she was entitled to SBP benefits. Before the Correction Board, plaintiff argued that, because she did not receive the proper notice, her husband's election was invalid and she was entitled to SBP benefits.

The Correction Board agreed and ruled in plaintiff's favor on June 15, 1994. The board noted plaintiff's lack of timeliness, but under its authority pursuant to 10 U.S.C. § 1552(b), found "it to be in the interest of justice to waive timeliness and decide the case on its

---

1. Upon Chief Master Sergeant Pride's death, his children commenced receiving Survivor Benefit Plan (SBP) annuity payments.

merits."[2] The board then concluded that plaintiff was entitled to the relief sought, and stated, in pertinent part:

> We believe, therefore, that we have the authority and the responsibility in a case such as this, upon a finding of error or injustice, to correct the record as necessary to provide full and fitting relief.[3]

Accordingly, the board recommended that CMSgt. Pride's military record be corrected to reflect the following:

> a. On 31 October 1978, he elected spouse and child coverage under the Survivor Benefit Plan, based on his full retired pay.
> b. On 12 October 1979, his widow, [plaintiff], submitted a claim for a survivor benefit annuity.[4]

On June 15, 1994, the Air Force's Office of the Assistant Secretary (Assistant Secretary) accepted the board's recommendation and directed CMSgt. Pride's military record to be corrected accordingly. It is not clear from the submissions to the court specifically who forwarded plaintiff's claim to the Defense Finance and Accounting Service (DFAS) for payment, but it is undisputed that DFAS refused to pay plaintiff any amounts based upon the correction. DFAS maintained that plaintiff's claim was precluded by the Barring Act, 31 U.S.C. § 3702(b), which provides a six-year statute of limitations for claims filed with the Comptroller General.

On June 2, 1997, plaintiff filed suit in this court seeking the amount she is due by reason of the correction of her late husband's record. Defendant filed its motion to dismiss on August 15, 1997, arguing that plaintiff's claim accrued the day after her husband died, and pursuant to 28 U.S.C. § 2501 (1994), her claim is time-barred by this court's six-year statute of limitations. On September 15, 1997, plaintiff filed her motion for summary judgment, maintaining that she timely filed her complaint and that she is

entitled to judgment as a matter of law.[5] On April 23, 1998, the court heard oral argument on the parties' motions.

## Discussion

### I. Subject Matter Jurisdiction

In ruling on a motion to dismiss for lack of subject matter jurisdiction under RCFC 12(b)(1), the court must accept as true the complaint's undisputed factual allegations and construe the facts in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *Hamlet v. United States*, 873 F.2d 1414, 1416 (Fed.Cir.1989); *Farmers Grain Co. v. United States*, 29 Fed.Cl. 684, 686 (1993). A plaintiff must only make a *prima facie* showing of jurisdictional facts in order to avoid a defendant's motion to dismiss. *Raymark Indus., Inc. v. United States*, 15 Cl.Ct. 334, 338 (1988) (citing *Data Disc, Inc. v. Systems Technology Assocs., Inc.*, 557 F.2d 1280, 1285 (9th Cir.1977)). If the undisputed facts reveal any possible basis on which the non-moving party may prevail, the court must deny the motion. *Scheuer*, 416 U.S. at 236, 94 S.Ct. at 1686; *W.R. Cooper Gen. Contractor, Inc. v. United States*, 843 F.2d 1362, 1364 (Fed.Cir.1988). If the motion challenges the truth of the jurisdictional facts alleged in the complaint, however, the court may consider relevant evidence in order to resolve the factual dispute. *Rocovich v. United States*, 933 F.2d 991, 994 (Fed.Cir.1991). "The court should look beyond the pleadings and decide for itself those facts, even in dispute, which are necessary for a determination of [the] jurisdictional merits." *Farmers Grain*, 29 Fed. Cl. at 686 (citing *Raymark*, 15 Cl.Ct. at 335).

The SBP annuity system was established to provide survivor benefits for the survivors of military retirees. *Barber v. United States*, 230 Ct.Cl. 287, 676 F.2d 651, 654 (1982); *see*

---

**2.** Plaintiff's Opposition to "Defendant's Motion to Dismiss" and Motion for Summary Judgment, Appendix at 5 (Pl.'s App.).

**3.** *Id.* at 6.

**4.** *Id.*

**5.** Plaintiff also filed a contingent motion to amend her complaint and transfer this case to the district court. On February 9, 1998, the court allowed plaintiff to amend her complaint. Further, on March 24, 1998, plaintiff withdrew her motion to transfer this case to the district court.

also *Dean v. United States,* 10 Cl.Ct. 563, 566 (1986). "Under the statutory scheme, the rights of these survivors are protected through compulsory participation in the plan by each person entitled to retired pay, unless that person affirmatively chooses not to participate." *Dean,* 10 Cl.Ct. at 566 (citing 10 U.S.C. § 1448(a) (1982)).

▪ The military is required to notify a member's spouse if the member elects not to participate. *Hart v. United States,* 910 F.2d 815, 817 (Fed.Cir.1990) (citing 10 U.S.C. § 1448(a)(3)(A) (1976)). "The military's failure to notify the member's spouse voids the member's election not to participate in the SBP." *Id.* at 817–18 (citing *Barber,* 676 F.2d at 654); *Trone v. United States,* 230 Ct.Cl. 904, 907, 1982 WL 25268 (1982) ("[A]bsent proper notification, the member's election is void"). "[I]t [is] very clear that Congress intended to prevent a serviceman's wife from learning for the first time that she was left without support at her husband's death, by providing her notice and participation in the counseling that was to precede a decision to elect out." *Barber,* 676 F.2d at 656; *see also Kelly v. United States,* 826 F.2d 1049, 1051–52 (Fed.Cir.1987).

In the present case, defendant maintains that plaintiff's cause of action expired six years after her husband's death. Plaintiff argues that her cause of action did not accrue until the Correction Board rectified CMSgt. Pride's military record in 1994. According to plaintiff, all the events necessary to her claim did not accrue until the Correction Board acted.

▪ Actions brought under the Tucker Act are time-barred if they are not filed within six years of the date the cause of action accrued. 28 U.S.C. § 2501. The court's six-year statute of limitations is a jurisdictional requirement which must be strictly construed. *Catellus Dev. Corp. v. United States,* 31 Fed.Cl. 399, 404 (1994); *see also Bear Claw Tribe, Inc. v. United States,* 36 Fed.Cl. 181, 187 (1996) (citing *Hopland Band of Pomo Indians v. United States,* 855 F.2d 1573, 1576–77 (Fed.Cir.1988)). Moreover, because the statute of limitations is jurisdictional, a plaintiff bears the burden of proving that her action was timely filed.

*McDonald v. United States,* 37 Fed.Cl. 110, 114 (1997), *aff'd,* No. 97–5048, 1998 WL 50945 (Fed.Cir. Feb. 2, 1998); *see also Mason v. United States,* 27 Fed.Cl. 832, 836 (1993). The court may not waive the statute of limitations. *Laughlin v. United States,* 22 Cl.Ct. 85, 99 (1990), *aff'd,* 975 F.2d 869 (Fed.Cir. 1992).

▪ Generally, a cause of action first accrues "when all the events which fix the government's alleged liability have occurred *and* the plaintiff was or should have been aware of their existence." *Hopland Band,* 855 F.2d at 1577; *see also Japanese War Notes Claimants Ass'n v. United States,* 178 Ct.Cl. 630, 373 F.2d 356, 358, *cert. denied,* 389 U.S. 971, 88 S.Ct. 466, 19 L.Ed.2d 461 (1967). The court determines whether the pertinent events have occurred under an objective standard. *Fallini v. United States,* 56 F.3d 1378, 1380 (Fed.Cir.1995), *cert. denied,* 517 U.S. 1243, 116 S.Ct. 2496, 135 L.Ed.2d 189 (1996). Accordingly, a plaintiff is not required to possess actual knowledge of all relevant facts in order for a cause of action to accrue. *Id.*

In *Hart v. United States,* 910 F.2d at 816–17, a widow filed suit in this court eight years after the death of her husband to recover SBP annuity benefits, alleging that the government's failure to notify her of her husband's election not to participate in the SBP voided his election. In ruling that the widow's claim was time-barred, the United States Court of Appeals for the Federal Circuit found that the widow's annuity became payable the day after her husband's death and her cause of action accrued at that time. *Id.* at 818. In this regard, the Federal Circuit concluded that the widow's failure to file suit until eight years after her husband's death barred her action. *Id.*

The present case, however, is distinguishable from *Hart.* Significantly, this case involves a determination of a Correction Board establishing plaintiff's right to annuity benefits. A Correction Board "may correct any military record ... when [it] considers it necessary to correct an error or remove an injustice." 10 U.S.C. § 1552(a)(1) (1994). Moreover, plaintiff noted during oral argu-

734

ment, *this is not an action for benefits pursuant to the SBP, but rather, one for relief premised upon § 1552(c).*[6]

The Tucker Act, 28 U.S.C. § 1491 (1994), is "only a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages." *United States v. Testan*, 424 U.S. 392, 398, 96 S.Ct. 948, 953, 47 L.Ed.2d 114 (1976). In order to state a claim under the Tucker Act, plaintiff must base his claim on a substantive right that "can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained." *United States v. Mitchell*, 463 U.S. 206, 216–17, 103 S.Ct. 2961, 2968, 77 L.Ed.2d 580 (1983) (citing *Testan*, 424 U.S. at 400, 96 S.Ct. at 954).

Section 1552(c), by its terms, is not a money mandating statute. *Dehne v. United States*, 970 F.2d 890, 894 (Fed.Cir.1992). The statute, however, is money mandating if the Secretary makes a correction to a military record and then fails to pay plaintiff the resulting relief. *Ewing v. United States*, 36 Fed.Cl. 159, 163 (1996); *see Hoskins v. United States*, 40 Fed.Cl. 259, 265–66 (1998); *Hernandez v. United States*, 38 Fed.Cl. 532, 537 (1997); *Sanford v. United States*, 32 Fed.Cl. 363, 367 (1994); *see also Blum v. United States*, 227 Ct.Cl. 555, 559 n. 3, 1981 WL 21399 (1981) ("10 U.S.C. § 1552 is a statute expressly mandating compensation"). In the present case, the Correction Board recommended that plaintiff be granted the relief she sought. The Assistant Secretary approved that recommendation but DFAS has failed to pay plaintiff the appropriate amount due to her. Accordingly, § 1552(c), with respect to plaintiff, is a money mandating statute.

This court's predecessor, the United States Court of Claims has stated that, pursuant to § 1552, Congress gave the Secretary broad remedial and discretionary powers to correct records. *Bates v. United States*, 197 Ct.Cl. 35, 453 F.2d 1382, 1385 (1972). In *Bates*, the court expounded:

[T]he Secretary, acting through designated boards, has much greater power than does this court in the exercise of remedial relief. For example, a plaintiff may be barred from any relief in this court by our six-year statute of limitations. *This does not mean that the same plaintiff is also barred from relief before a correction board.*

*Id.* (citation omitted) (emphasis added).

The Court of Claims has further stated, while reviewing the legislative history of § 1552(c), that "once the decision is made to correct a record, the grant of monetary relief is not discretionary but automatic." *Ray v. United States*, 197 Ct.Cl. 1, 453 F.2d 754, 756 (1972). In this regard, "[t]he serviceman must be awarded the payment that 'would have been due if the error or injustice had not existed originally.'" *Id.* (citation omitted). Moreover, the Court of Claims has noted, with regard to the accrual of a cause of action involving a favorable determination by a correction board:

[A] major reason for allowing a cause of action to be based on an initial favorable administrative determination, that would otherwise be barred by limitations, is that once an administrative body decides relief is proper on the claim and presentation then made, it should not be free to illegally or arbitrarily award less relief than that requested by the claimant in that proceeding. *In the context of the correction of a military record, this means that once a discretionary decision is made to correct a record, the grant of appropriate money relief is not discretionary but automatic. If appropriate payment is not then made, a cause of action accrues in this court at that time.*

*Denton v. United States*, 204 Ct.Cl. 188, 195, 1974 WL 21682 (1974) (emphasis added) (citations omitted), *cert. denied*, 421 U.S. 963, 95 S.Ct. 1949, 44 L.Ed.2d 449 (1975).

The Correction Board in the present case exercised its broad discretion pursuant to 10 U.S.C. § 1552(a)(1) in determining that plaintiff was entitled to SBP benefits. It specifically found "sufficient evidence of error or injustice to warrant" the correction of

6. *See* Transcript at 26–27(Tr.).

CMSgt. Pride's military record.[7] The subsequent refusal of DFAS to pay plaintiff based upon that correction gave rise to a monetary claim against defendant in this court.[8] *See Ray,* 453 F.2d at 756.

Defendant, however, argues that a favorable determination by the Correction Board cannot mark the accrual of plaintiff's cause of action and points to *Haislip v. United States,* 152 Ct.Cl. 339, 296 F.2d 469 (1961), and *Rumph v. United States,* 228 Ct.Cl. 855, 1981 WL 21507 (1981), in support of its position.[9] According to defendant, these cases support the proposition that a favorable Correction Board decision does not create a new cause of action for statute of limitations purposes when plaintiff could have brought suit directly in this court. Plaintiff, however, is not seeking an action for SBP benefits, but rather, one for the amount due her as a result of the correction of her late husband's military record. In this regard, plaintiff could not have brought *this action* prior to the decision of the Correction Board. Thus, defendant's reliance on *Haislip* and *Rumph* is misplaced.

Plaintiff filed her complaint in this court within six years of the favorable determination by the Correction Board. Accordingly, the court determines that plaintiff timely filed her complaint and that it possesses subject matter jurisdiction over this action. Defendant's motion to dismiss is therefore denied.[10]

## II. *Summary Judgment*

Summary judgment is appropriate when there are no genuine issues of material fact

and the moving party is entitled to judgment as a matter of law. RCFC 56; *Anderson v. Liberty Lobby Inc.,* 477 U.S. 242, 247, 106 S.Ct. 2505, 2509–10, 91 L.Ed.2d 202 (1986). A fact is considered material if it might significantly affect the outcome of the suit under governing law. *Anderson,* 477 U.S. at 248, 106 S.Ct. at 2510. The party moving for summary judgment bears the initial burden of demonstrating, by a preponderance of the evidence, either the absence of any genuine issues of material fact or the absence of evidence to support the non-movant's case. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2553–54, 91 L.Ed.2d 265 (1986). If the moving party demonstrates an absence of genuine issues of material fact, the burden then shifts to the non-moving party to show that a genuine factual dispute exists. *Sweats Fashions, Inc. v. Pannill Knitting Co.,* 833 F.2d 1560, 1563 (Fed.Cir. 1987). Alternatively, if the moving party shows an absence of evidence to support the non-moving party's case, the burden shifts to the non-moving party to proffer such evidence. *Celotex,* 477 U.S. at 325, 106 S.Ct. at 2553–54.

In the present case, the parties agree that the underlying facts are not in dispute.[11] In this regard, plaintiff's late husband elected a SBP for the benefit of his children but not for his wife. Defendant failed to notify plaintiff of that election. The Correction Board corrected CMSgt. Pride's military record to reflect that: (1) on October 31, 1978, CMSgt.

---

**7.** Pl.'s App. at 5.

**8.** The court is troubled that the Defense Finance and Accounting Service (DFAS) can unilaterally circumvent the powers granted to the Secretary to fashion relief in a case such as this. As stated above, DFAS premised its refusal to pay plaintiff on the Barring Act. The Barring Act states, in pertinent part: "A claim against the Government ... must be received by the Comptroller General within 6 years after the claim accrues." 31 U.S.C. § 3702(b)(1) (1994). The Barring Act, therefore, does not apply in this case.

**9.** *See* Tr. at 4.

**10.** In *Hart v. United States,* 910 F.2d 815 (Fed. Cir.1990), the United States Court of Appeals for the Federal Circuit specifically found that a

plaintiff's claim for missed SBP annuity payments does not constitute a "continuing" claim. *Id.* at 818. The Supreme Court recently decided on the accrual of a cause of action concerning installment payments. *See Bay Area Laundry & Dry Cleaning Pension Trust Fund v. Ferbar Corp. of Cal.,* — U.S. —, 118 S.Ct. 542, 139 L.Ed.2d 553 (1997). The Court found that, "[c]onsistent with general principles governing installment obligations, each missed payment creates a separate cause of action with its own six-year limitations period." *Id.* at —, 118 S.Ct. at 546.

This court has determined that plaintiff is entitled to relief based upon the favorable determination by the Air Force Board for Correction of Military Records. The "continuing" claim doctrine, therefore, is not before the court.

**11.** *See* Tr. at 58.

Pride elected spouse and child coverage under the SBP; and (2) on October 12, 1979, plaintiff submitted a claim for a survivor benefit annuity. DFAS has failed to pay plaintiff the amount due her based upon the correction. Nevertheless, plaintiff is entitled to that amount. Accordingly, the court grants plaintiff's motion for summary judgment.

### Conclusion

For the above stated reasons, defendant's motion to dismiss for lack of subject matter is denied and plaintiff's motion for summary judgment is granted as to liability only. The parties are directed to file a joint stipulation concerning the amount due to plaintiff as a result of the correction of CMSgt. Pride's military record by June 18, 1998. Upon receipt of the stipulation, the Clerk is directed to enter judgment for plaintiff without further order from the court. No costs.