Madden, Judge,
delivered the opinion of the court:
The Government has made a motion to dismiss the plaintiff’s petition on the ground that the petition shows on its face that the plaintiff’s cause of action accrued more than twelve years prior to the filing of the petition and that, therefore, the suit is barred by the statute of limitations, 28 U.S.C. § 2501.
The plaintiff’s petition, so far as is necessary to a decision on the instant motion, alleges that he served as a commissioned officer in the United States Army in World War I; that he was wounded in action in that war, which wounds affected his hearing; that after a period of membership in reserve units he returned to active military duty in World War II; that in consequence of his service in World War II, the condition of his ears, resulting from his World War I wounds, was severely and materially aggravated so that he is now totally deaf; that an Army Medical Disposition Board, a Eetiring Board, and the Army Disability Eeview Board all found him physically disqualified for military service, but found that his disability was not incident to military service; that the Veterans Administration had, in 1930, thoroughly checked all available records and had determined that his deafness, as it then existed was incurred in military service.
The petition alleges that the plaintiff applied to the Board for Correction of Military Eecords which, although the evidence presented to it conclusively showed that he was wounded in action, that the wounds produced his disability and that his service in World War II aggravated his disability, arbitrarily, capriciously and contrary to law and pertinent regulations denied his application for the correction of his military record.
*300 The petition claims retired pay from the time of the plaintiff’s release from active duty in 1947.
The Government’s motion is based entirely upon the statute of limitations. It raises no other issue. The contention is that the plaintiff’s cause of action, if he has one, accrued at the time of his release from active duty in 1947; that that occurred more than six years before he filed his petition in this court, ergo, the claim is barred by limitation.
This contention assumes that Congress, in enacting in 1946 and amending in 1951 the statute authorizing the establishment of boards for the correction of military records, intended to create no legal rights but merely to lodge an arbitrary uncontrolled power in the Secretaries to correct records or refuse to correct records as they happened to feel like doing.
The assumption is not sound. That kind of raw power uncontrolled by law could only be conferred by the most express and emphatic language. We have repeatedly 'held that the Secretaries and their boards for the correction of records must base their decisions upon substantial evidence, and are not privileged to make arbitrary and capricious decisions.
In Furlong v. United States, 138 Ct. Cl. 843, 845, the court cited seven cases and then said:
The principle of these cases is: first, jurisdiction is conferred by Congress, not on this court, but on retiring boards and the Secretaries of the three armed services, to decide an officer’s right to retirement for physical disability, and 'his consequent right to retired pay second, it follows therefrom that we cannot acquire jurisdiction of such a claim until after the board and the Secretary have acted, or failed or refused to act, and not then unless the board and the Secretary acted arbitrarily or capriciously or contrary to law; third, since our jurisdiction could not be invoked until after the retiring board and the Secretary had acted, the statute of limitations on a suit in this court did not begin to run until they had acted; fourth, on a finding of arbitrary or otherwise unlawful action by the retiring board and Secretary, it is our duty to act in the place of the retiring board and, on a finding of disability at the time of discharge, to hold an officer is entitled to retired pay from the date of his discharge.
*301 Since the decision of Furlong, the cases of Proper v. United States, 139 Ct. Cl. 511; Friedman v. United States, 141 Ct. Cl. 239; Patterson v. United States, 141 Ct. Cl. 435; and Allin v. United States, 147 Ct. Cl. 459, have been decided by this conrt. They all are in accord with what was said in Furlong, supra.
The defendant’s motion will be denied.
It is so ordered.
DuReee, Judge; Laramore, Judge; Whitaiier, Judge; and Jones, Chief Judge, concur.