**Rondell TONEY, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 97–677C.**

United States Court of Federal Claims.

Jan. 29, 1999.

---

Agnes M. Brown, Frank W. Hunger, Assistant Attorney General, David M. Cohen, Director, and James M. Kinsella, Assistant Director, Washington, D.C., for defendant. Major Eugene H. Robinson, U.S. Marine Corps, of counsel.

## ORDER

ANDEWELT, Judge.

### I.

In this military pay action, plaintiff, Rondell Toney, a retired Master Gunnery Sergeant in the United States Marine Corps (the Corps), seeks damages resulting from the Corps' automatically enrolling plaintiff, upon his retirement on November 9, 1979, in the United States Armed Forces Survivor Benefit Plan (SBP). The SBP provides qualified servicemembers an opportunity to secure an annuity for their designated beneficiaries in exchange for a deduction in their retired pay. As a result of his automatic enrollment in the SBP, plaintiff received a 6 ½ percent reduction in his retired pay.

Upon his retirement, plaintiff did not submit a certificate electing not to participate in the SBP. Thus, pursuant to the provisions of the SBP, the Corps automatically enrolled plaintiff in the SBP. See 10 U.S.C. §§ 1447–1455.[1] Plaintiff contends that this automatic enrollment was unlawful because the Corps did not first obtain plaintiff's informed consent. Plaintiff seeks reimbursement of the deductions taken from his retirement pay under the SBP; $30,000 for the loss of ability to obtain "reasonable" life insurance; and $50,000 for loss of time, inconvenience, humiliation, interference with peace of mind, and violation of his constitutional right to freedom of speech.

In 1996, plaintiff filed a district court action against the Corps and the Department of Defense in which he alleged wrongful enrollment in the SBP. The United States District Court for the Western District of North

Rondell Toney, Conover, North Carolina, pro se.

---

1.  10 U.S.C. § 1448(a) provides, in part:
    (2) **Participants in the [SBP].**—The [SBP] applies to the following persons, who shall be participants in the [SBP]:
    (A) **Standard annuity participants.**—A person who is eligible to participate in the [SBP] under paragraph (1)(A) and who is married or has a dependant child when he becomes entitled to retired pay, unless he elects (with his spouse's concurrence, if required under paragraph (3)) not to participate in the [SBP] the first day for which he is eligible for that pay.

Carolina dismissed that action for lack of subject matter jurisdiction. Thereafter, on October 6, 1997, plaintiff filed the instant complaint.

## II.

This action is before the court on defendant's motion to dismiss the complaint for lack of jurisdiction or, in the alternative, on the ground that plaintiff's claim is barred by the six-year statute of limitations contained in 28 U.S.C. § 2501. As to jurisdiction, plaintiff's claim includes a demand for reimbursement of SBP deductions taken from plaintiff's periodic retirement payments during the six years prior to the filing of the instant complaint. To the extent plaintiff's claim is for a refund of money illegally exacted by the government during the statutory period, this court would possess jurisdiction over such a claim pursuant to the Tucker Act, 28 U.S.C. § 1491(a)(1). *See Aerolineas Argentinas v. United States,* 77 F.3d 1564, 1573 (Fed.Cir.1996) ("The Tucker Act provides jurisdiction to recover an illegal exaction by government officials when the exaction is based on an asserted statutory power."). In any event, however, even if plaintiff's claim could be so classified, the claim would be barred by the six-year statute of limitations.

## III.

■ Pursuant to 28 U.S.C. § 2501, a claim over which this court has jurisdiction is barred unless the petition was "filed within six years after such claim first accrues." "A claim against the United States first accrues on the date when all the events have occurred which fix the liability of the Government and entitle the claimant to institute an action." *Kinsey v. United States,* 852 F.2d 556, 557 (Fed.Cir.1988) (quoting *Oceanic Steamship Co. v. United States,* 165 Ct.Cl. 217, 225, 1964 WL 8621 (1964)). Defendant contends that the alleged event that would have fixed the liability of the government and entitled plaintiff to institute an action occurred in 1979 when plaintiff retired from the

Corps and the Corps enrolled plaintiff in the SBP. Because plaintiff did not bring suit within six years thereafter, defendant contends that plaintiff's claim is barred by the statute of limitations. Plaintiff's response relies upon a legal doctrine known as the continuing claim doctrine. Plaintiff argues that pursuant to this doctrine, although deductions taken from plaintiff's retirement pay more than six years, before the institution of this action are barred by the statute of limitations, those deductions taken within six years of the filing are not.

■ In *Brown Park Estates–Fairfield Development Co. v. United States,* 127 F.3d 1449 (Fed.Cir.1997), the Court of Appeals for the Federal Circuit analyzed the pertinent case precedent and defined the metes and bounds of the continuing claim doctrine. In each decision analyzed in *Brown,* the plaintiffs had relied upon a statute or regulation to support their entitlement to periodic payments allegedly due from the government. In each case, the first instance of the government not paying the periodic payments allegedly required under the applicable statute or regulation occurred more than six years before the institution of the suit. Thus, in each case, the court confronted the issue under 28 U.S.C. § 2501 of when the claim to periodic payments allegedly due during the six years prior to filing suit first "accrued." If the claim "accrued" prior to the six-year pre-filing limitations period at the time when the government first failed to make a payment required under the applicable statute or regulation, then the claim would be time barred. But if each failure to make a periodic payment constituted an independent claim which "accrued" at the time the respective payment was not made, then those claims for periodic payments allegedly due within the six years prior to filing suit would constitute timely filed claims.[2] In the precedent discussed in *Brown,* those claims that the courts placed in the latter category and over which the courts assumed jurisdiction were labeled "continuing claims." Those claims that were time barred and over which the courts did not

---

**2.** In each case cited in *Brown,* the plaintiff sought only to recover those payments allegedly

due during the six years prior to instituting suit.

assume jurisdiction were deemed outside the breadth of the continuing claim doctrine.

After reviewing the pertinent precedent, the *Brown* court concluded that the critical focus in distinguishing claims that are deemed to fall within the scope of the continuing claim doctrine from those that are not is the particular terms of the statute or regulation upon which the particular plaintiff based the claim. The continuing claim doctrine applied only in those situations where the government's failure to make a particular payment during the six years prior to bringing suit constituted an independent violation of the terms of the statute or regulation. The court summarized the various precedent in which the continuing claim doctrine was held to apply as follows:

> The plaintiff's claim could be broken down into a series of independent and distinct wrongs or events, each such wrong or event having its own associated damages. Each wrong constituted an alleged violation of a statute or regulation that accrued when that particular wrong occurred, independent of the accrual of other wrongs. For example, in [*Burich v. United States*, 177 Ct.Cl. 139, 366 F.2d 984 (1966)], each failure by the government to make overtime payments to the plaintiff after overtime work was performed constituted a separate alleged violation of the applicable statute that accrued at that point in time, and was independent of the accrual of actions for other nonpayments of overtime.

*Id.* at 1457. The *Brown* court went on to summarize those cases in which the continuing claim doctrine was held not to apply, as follows:

> [T]he plaintiffs really only pointed to one alleged wrong by the government, which accrued all at once at one point in time, even though it may have had later adverse effects. The plaintiffs' alleged later "wrongs," such as nonpayment of annuities or wages, were not independently accruing violations of any statutes or regulations in themselves, but rather were merely damages resulting from the single earlier alleged violation by the government-such as lack of notification or wrongful discharge-

that accrued outside the statute of limitations period.

*Id.* The court stressed that "a claim based upon a single distinct event, which may have continued ill effects later on, is not a continuing claim." *Id.* at 1456.

Plaintiff has not alleged an independent violation of any cited statute or regulation during the six years prior to instituting suit and hence has not alleged a continuing claim under the dictates of *Brown.* Plaintiff has not pointed to any statute or regulation that entitled plaintiff during the six years immediately prior to filing the instant complaint to be treated with respect to SBP status in any way other than the status reflected in his military record. The military record showed plaintiff as enrolled in the SBP and he has been so treated. To the extent plaintiff's classification as enrolled in the SBP was incorrect, the classification was a "single distinct event" which occurred on November 9, 1979, when plaintiff retired form the Corps. Consequently, under the applicable statute of limitations, plaintiff had until November 9, 1985, to bring suit. Deductions taken from plaintiff's retirement pay during the six years immediately prior to bringing suit are merely continued ill effects resulting from the alleged wrong committed nearly 18 years before plaintiff filed suit and, under *Brown,* are not independent wrongs having their own associated damages. Therefore, the continuing claim doctrine is inapplicable to the instant case, and plaintiff's claim is barred by the statute of limitations.

### Conclusion

For the reasons set forth above, defendant's motion to dismiss is granted. The Clerk of the Court shall enter judgment dismissing plaintiff's complaint. No costs.

IT IS SO ORDERED.