Rondell TONEY, Plaintiff,

v.

The UNITED STATES, Defendant.

No. 97–677C.

United States Court of Federal Claims.

April 9, 1999.

Rondell Toney, Conover, North Carolina, pro se.

Agnes M. Brown, with whom were David W. Ogden, Acting Assistant Attorney General, David M. Cohen, Director, and James M. Kinsella, Assistant Director, Washington, D.C., for defendant. Major Eugene H. Robinson, U.S. Marine Corps, of counsel.

## ORDER

ANDEWELT, Judge.

The court has reviewed plaintiff's February 16, 1999, motion seeking reconsideration of the court's January 29, 1999, order in which the court dismissed plaintiff's complaint on the ground that plaintiff's claim is barred by the applicable statute of limitations. In his motion, plaintiff remakes a series of arguments previously rejected by the court but also makes two new arguments which warrant discussion.

■ (1) Plaintiff cites *Knight v. United States*, 152 Ct.Cl. 298 (1961), for the proposition that where, as here, a servicemember, prior to bringing suit, seeks review of an action by a military agency before its board for the correction of military records, the servicemember may proceed to file suit anytime within six years after the correction board acts or fails to act. But in *Lipp v. United States*, 157 Ct.Cl. 197, 301 F.2d 674 (1962), *cert. denied*, 373 U.S. 932, 83 S.Ct. 1540, 10 L.Ed.2d 691 (1963), the Court of Claims clarified the reach of *Knight* and explained that the timing of the correction board action is the relevant focus for statute of limitations analysis only in those situations where seeking board review is a mandatory prerequisite to filing suit under the statute, rather than merely permissive. Here, board review was permissive rather than mandatory, *see File v. United States*, 17 Cl.Ct. 823 (1989), *aff'd*, 918 F.2d 188 (Fed.Cir.1990), and hence, did not toll the running of the statute of limitations.

■ (2) Next, plaintiff contends that this court's conclusion that the continuing claim doctrine does not apply to the instant facts is inconsistent with *Bay Area Laundry & Dry Cleaning Pension Trust Fund v. Ferbar Corp. of California, Inc.*, 522 U.S. 192, 118 S.Ct. 542, 139 L.Ed.2d 553 (1997). *Bay Area Laundry* involved the Multiemployer Pen-

sion Plan Amendments Act of 1980 (MPPAA), 29 U.S.C. §§ 1381–1461, under which employers who withdraw from underfunded multiemployer pension plans must pay a withdrawal liability to the pension fund. An employer may discharge this obligation by making a series of installment payments under a schedule set by the pension fund. A statute of limitations issue arose in *Bay Area Laundry* because the pension fund brought suit more than six years after the employer failed to make its first scheduled payment but within six years of each subsequent missed payment. In concluding that the claims to these subsequent payments were not time barred, the Supreme Court relied upon factors that are fully consistent with the interpretation of the continuing claim doctrine in *Brown Park Estates–Fairfield Development Co. v. United States*, 127 F.3d 1449 (Fed.Cir.1997), upon which this court relied in its January 29, 1999, order. In its January 29, 1999, order, this court explained the *Brown* court's interpretation as follows:

> [T]he *Brown* court concluded that the critical focus in distinguishing claims that are deemed to fall within the scope of the continuing claim doctrine from those that are not is the particular terms of the statute or regulation upon which the particular plaintiff based the claim. The continuing claim doctrine applied only in those situations where the government's failure to make a particular payment during the six years prior to bringing suit constituted an independent violation of the terms of the statute or regulation.

*Toney v. United States*, 43 Fed.Cl. 28 (1999). In *Bay Area Laundry*, the Supreme Court concluded that under existing general principles of law, each installment payment constituted an independent obligation under the MPPAA. The Court explained:

> Respondents contend that petitioner's failure to sue within six years of the first missed payment bars suit for all missed payments. We disagree. The MPPAA imposes on employers an installment obligation. Consistent with general principles governing installment obligations, each missed payment creates a separate cause of action with its own six-year limitations period. Accordingly, petitioner's suit is time barred only as to the first $345.50 payment.

522 U.S. at 195–96, 118 S.Ct. 542. The payments plaintiff seeks herein involve an annuity that did not include a deduction under the Survivor Benefit Plan. As explained in the court's January 29, 1999, order, plaintiff has not pointed to any statute and regulation that provides for an analogous independent obligation to make such payments.

Plaintiff cites *Nicholas v. United States*, 42 Fed.Cl. 373 (1998), to support his interpretation of *Bay Area Laundry* and as mandating application of the continuing claim doctrine to the instant facts. But as explained above, this court interprets *Bay Area Laundry* as fully consistent with the standard for continuing claims set forth in *Brown*. To the extent *Nicholas* can be interpreted as suggesting that *Bay Area Laundry* is inconsistent with *Brown*, this court would respectfully disagree with such an interpretation.

For the reasons set forth above, plaintiff's motion for reconsideration is DENIED and this court's January 29, 1999, order dismissing plaintiff's complaint stands.

**IT IS SO ORDERED.**