Ethel L. DAVIDSON, Plaintiff,

v.

The UNITED STATES, Defendant.

No. 04–553 C.

United States Court of Federal Claims.

June 30, 2005.

J. Michael Cassell, Charles Town, WV, for Plaintiff.

Michael J. Dierberg, United States Department of Justice, Commercial Litigation Branch, Civil Division, Washington, DC, for Defendant, with whom were Peter D. Keisler, Assistant Attorney General, David M. Cohen, Director, and James M. Kinsella, Deputy Director; of counsel was Major Susan Southerland.

## OPINION

DAMICH, Chief Judge.

Ethel Davidson (hereinafter "Plaintiff") filed her complaint on April 2, 2004, alleging that the United States (hereinafter "Defendant") failed to pay her the maximum coverage under the Survivor Benefit Plan ("SBP")

---

1. The Court notes that, although Plaintiff asserts the continuing claims doctrine, she cites no authority in support of her assertion in either her response brief or her complaint.

---

that her late husband elected to provide for her pursuant to 10 U.S.C. §§ 1447–55. Compl. ¶¶ 6, 9.

Initially, the parties agreed to work together to resolve the issues in the complaint, and Defendant voluntarily provided an accounting of Plaintiff's survivor benefits for her review. To allow time for these efforts, the case was stayed until December 22, 2004. As all issues could not be resolved, Defendant filed its Motion to Dismiss (hereinafter "Def.'s Mot.") on January 24, 2005, seeking dismissal of Plaintiff's claims for lack of subject matter jurisdiction under Rule 12(b)(1) of the Rules of the United States Court of Federal Claims (hereinafter "RCFC"). Specifically, Defendant contends that the statute of limitations in 28 U.S.C. § 2501 bars Plaintiff's claims, thereby divesting this Court of jurisdiction. Def.'s Mot. at 1. Plaintiff, on the other hand, asserts that her claims are not barred by the statute of limitations, alleging that the continuing claims doctrine applies, since "her claim for benefits ... accrues each and every month" that the annuity payment is due. Plaintiff's Response to Defendant's Motion to Dismiss (hereinafter "Pl.'s Resp.") at 2.[1] For the reasons discussed below, Defendant's Motion to Dismiss is hereby GRANTED.

## I. Background

Plaintiff is the widow of Lieutenant Colonel Kenneth J. Davidson. Compl. ¶ 1. In 1977, Plaintiff's late husband brought a claim against the government in the Court of Claims,[2] seeking correction of his military records to establish, *inter alia*, Plaintiff's rights to a SBP. *Id.* ¶¶ 2–4. Mr. Davidson settled his case against the government in 1982, and Plaintiff began receiving annuity payments upon her husband's death in 1989. Stipulation of Settlement of 4/8/82, *available at* Compl. App. A. Mrs. Davidson continued to receive said payments from the Defense Finance and Accounting Service ("DFAS"), Retired and Annuity Pay Operations until

---

2. The United States Court of Claims is the predecessor of the United States Court of Appeals for the Federal Circuit and the Court of Federal Claims. *See Doe v. United States*, 372 F.3d 1347, 1350 (Fed.Cir.2004). Therefore, the decisions of the Court of Claims are binding on both courts.

March 1995, at which time DFAS converted the annuity accounts to a new pay system and discovered that Plaintiff had not been receiving her maximum payments, as required under 10 U.S.C. § 1451.[3] Letter from Tyminski to Cassell of 7/15/04, at 1–2 (hereinafter "DFAS Accounting"), *available · at* Def.'s Mot. at A.1–A.2. DFAS began paying Mrs. Davidson at the corrected rate on December 1, 1995, and issued two retroactive payments (one in 1995 and the other in 1996) to compensate for the months that Plaintiff had not received the proper annuity benefit. *Id.*

At some time between 1995 and 2004, Mrs. Davidson began to suspect that she still was not receiving the maximum amount of SBP pay to which she is entitled. She then filed this complaint, requesting that Defendant provide an accounting analysis, so that she could recover any further payments that might be due to her under her SBP. Compl. ¶¶ 10, 14–15. In Defendant's May 28, 2004 Motion on Behalf of the Parties to Stay Proceedings, Defendant indicated that "Davidson's counsel and Government counsel have agreed to work together with the cognizant Army and Department of Defense officials to provide her both [an] accounting and any necessary explanations." *Id.* at 1–2. According to the accounting and explanation prepared by the DFAS: (1) Plaintiff had not received the proper monthly annuity payments from her initial eligibility date of March 7, 1989, through March 1995; (2) DFAS made calculations in March 1995 to determine the proper amount owed to Plaintiff and issued two retroactive payments to correct the error, and (3) Plaintiff has received the proper monthly annuity payment since April 1, 1995. DFAS Accounting at 2–3.

Plaintiff requests that this Court: (1) order Defendant to provide an accounting analysis regarding her SBP payments, (2) enforce the court's 1982 Stipulation of Settlement order, and (3) order a return of "the original documents which remain in the custody and control of the United States Court of Federal Claims in the Federal Archives in Maryland."[4] Despite Defendant's argument that it has already provided Plaintiff with an accounting of her benefits, Plaintiff "seeks the reassurance" that her benefits have been correctly calculated. Pl.'s Resp. at 2.

## II. Standard

When considering Defendant's motion to dismiss, the Court must accept all of Plaintiff's well-pleaded allegations as true and draw all reasonable inferences in Plaintiff's favor. *See Perez v. United States,* 156 F.3d 1366, 1370 (Fed.Cir.1998). The burden of · establishing jurisdiction, however, is one that rests with Plaintiff. *See Taylor v. United States,* 303 F.3d 1357, 1359 (Fed.Cir.2002).

According to 28 U.S.C. § 2501, claims filed in this court will be barred unless "the petition thereon is filed within six years after such claim first accrues." 28 U.S.C. § 2501. This six-year limitation on claims against the government is a jurisdictional requirement. *See, e.g., Alder Terrace, Inc. v. United States,* 161 F.3d 1372, 1377 (Fed.Cir.1998); *Jones v. United States,* 801 F.2d 1334, 1335 (Fed.Cir.1986).[5] Because the six-year limitation is a waiver of the government's sovereign immunity, the statute of limitations must be strictly construed, and exceptions to

**3.** Under 10 U.S.C. § 1451, there are two possible methods for computing annuity payments, the social security offset ("SSO") method, and the 35% method. Plaintiff's payments had originally been calculated using the SSO method. In 1995, DFAS determined that the 35% method was more advantageous to Plaintiff. DFAS Accounting at 1–2.

**4.** Although the identity of the documents that Plaintiff seeks is unclear, the Court assumes that Plaintiff is requesting the return of the original Stipulation of Settlement, as that is the only document relating to this action that the court is likely to have in its possession.

**5.** There has been dispute in the Federal Circuit as to whether the Court of Federal Claims's statute of limitations is properly considered as a 12(b)(1) motion or a 12(b)(6) motion for failure to state a claim. *Compare Alder Terrace,* 161 F.3d at 1377, *and Jones,* 801 F.2d at 1335, *with Spruill v. Merit Sys. Prot. Bd.,* 978 F.2d 679, 687 (Fed.Cir.1992) (holding that the timeliness of a claim is "not a matter of jurisdiction," but instead an element of the claim). The Court notes that either method of consideration in this case would lead to the same result.

the limitation should not be implied. *Hopland Band of Pomo Indians v. United States,* 855 F.2d 1573, 1576–77 (Fed.Cir. 1988). Therefore, if the Court finds that the six-year limitation has not been met, the Court must dismiss Plaintiff's claims for lack of jurisdiction.

### III. Analysis

■ The starting point for any analysis of the statute of limitations is the accrual date. A claim against the United States accrues when "all the events which fix the government's alleged liability have occurred and the plaintiff was or should have been aware of their existence." *Hopland Band,* 855 F.2d at 1577. Because Plaintiff filed the complaint on April 2, 2004, her claims must have accrued no earlier than April 2, 1998, to survive Defendant's motion.

According to Defendant, Plaintiff's claims accrued no later than March 1995, when DFAS made the determination that Plaintiff was receiving the incorrect amount of SBP pay each month, or 1995–96, when Defendant made payments to Plaintiff as a result of its determination. Def.'s Mot. at 3–4. To rebut this assertion, Plaintiff argues that she can recover for any incorrect payments paid in the last six years, due to the application of the continuing claims doctrine. Pl.'s Resp. at 1. Plaintiff states that she "has a cause of action with [sic] accrues each and every month when she receives her widows [sic] pension check." *Id.*

■ The continuing claims doctrine governs cases where a cause of action accrues each month, allowing the court to have jurisdiction over all claims accruing within the last six years, even if the first claim accrued more than six years before:

> Over the years, the court's pay cases (military and civilian) concerned with the issue of limitations have often applied the so-called 'continuing claim' theory, *i.e.,* periodic pay claims arising more than six years prior to suit are barred, but not those arising within the six-year span .... And where the payments are to be made periodically, each successive failure to make proper payment gives rise to a new claim upon which suit can be brought.

*Friedman v. United States,* 159 Ct.Cl. 1, 310 F.2d 381, 384–85 (1962). However, the fact that a plaintiff receives monthly payments does not automatically entitle that plaintiff to assert the continuing claims doctrine. *See Brown Park Estates–Fairfield Dev. Co. v. United States,* 127 F.3d 1449, 1457 (Fed.Cir. 1997). Such is the case with Mrs. Davidson; her claims are not "continuing claims" within the meaning of the Court of Claims's jurisprudence. Upon review of relevant precedent, and for the reasons set forth below, this Court holds that Plaintiff's reliance on the continuing claims doctrine is inappropriate due to the circumstances of her case. Thus, her claims are barred by the court's statute of limitations and must be dismissed.

■ The courts have often dealt with the continuing claims doctrine in other SBP cases. In one SBP case, the Federal Circuit addressed the claim of a widow who waited eight years after the death of her husband to sue for recovery of annuity payments under her SBP. *Hart v. United States,* 910 F.2d 815 (Fed.Cir.1990). The plaintiff in *Hart* argued, as does Mrs. Davidson, that a new claim accrued each month when the annuity payment became due. *Id.* at 818. The court held that Mrs. Hart's claims accrued the day after her husband's death because, at that time, Mrs. Hart could have sued for SBP benefits. *Id.* The court then examined the continuing claims doctrine and found that it did not apply "[b]ecause all events necessary to her benefits claim had occurred when her husband died." *Id.* Thus, the Federal Circuit concluded that the Claims Court did not have jurisdiction over Mrs. Hart's claim. *Id.*

Mrs. Davidson's situation is analogous to Mrs. Hart's. Plaintiff had the ability to bring her claim for calculation of benefits the day after her husband died in 1989. She also could have brought her claim after the 1995–96 government recalculation of her benefits, as nothing else needed to occur for her to bring her claim if she "believed that the new payment calculation was still incorrect." *See* Defendant's Reply Brief in Support of Motion to Dismiss (hereinafter "Def.'s Reply") at 3–4; *Ariadne Financial Services Pty. Ltd. v. United States,* 133 F.3d 874, 879 (Fed.Cir.

1998); *Brown Park*, 127 F.3d at 1450–52. However, she chose not to do so. The case law is clear that, if "all the events which fix the government's alleged liability have occurred and the plaintiff was or should have been aware of their existence," Plaintiff's claim has accrued and the statute of limitations begins to run. *Hopland Band*, 855 F.2d at 1577. In this case, DFAS "fixed" Mrs. Davidson's payments in 1995; thus, Mrs. Davidson cannot now assert that she is entitled to the benefit of having continuing claims.

Further evidence that Mrs. Davidson does not have a continuing claim is found in *Brown Park*, in which the Department of Housing and Urban Development failed to make the proper rent adjustments at different times during a two-year period, and the plaintiff claimed that, although the adjustments were made earlier than six years before the claim was filed, the consequences of those incorrect adjustments had "reverberated ever since." 127 F.3d at 1455. The Federal Circuit rejected the plaintiff's continuing claims argument, stating that "[i]n order for the continuing claim doctrine to apply, the plaintiff's claim must be inherently susceptible to being broken down into a series of independent and distinct events or wrongs, each having its own associated damages." *Id.* at 1456. The court emphasized that, where a plaintiff "really only point[s] to one alleged wrong by the government . . . even though it may have . . . later adverse effects," a continuing claims argument will not be accepted. *Id.* Mrs. Davidson's claims, like those in *Brown Park*, stem from "a single distinct event": the 1995 recalculation of Plaintiff's benefits. Therefore, the fact that "continued ill effects" may exist is irrelevant, and Plaintiff is not entitled to use of the continuing claims doctrine. *See id.; Ariadne*, 133 F.3d at 879 (holding that, since "[t]here was a single repudiation by which the government made clear its intent to reject the term of the contracts. Each subsequent denial . . . does not give rise to a separate cause of action."); *Toney v. United States*, 43 Fed.Cl. 28 (1999) (finding that a plaintiff who was enrolled in an SBP program without his consent, and claimed a right to the money taken out of his paycheck, was not entitled to assert the continuing claims doctrine because his failure to receive the money was simply a "continued ill effect[ ] resulting from the alleged wrong committed"), *mot. for recons. denied*, 43 Fed.Cl. 389 (1999), *original decision aff'd*, 243 F.3d 557 (Fed.Cir.2000) (table case).

Finally, in a case that is factually on point, *Miele v. Pension Plan of New York State Teamsters Conference Pension & Retirement Fund*, 72 F.Supp.2d 88 (E.D.N.Y.1999),[6] the Eastern District of New York did not apply the continuing claims doctrine where "the defendants informed the plaintiff of their calculation as to the amount of his monthly benefits [more than six years ago]. It was entirely clear to both parties that the defendants' calculation would apply to each and every monthly payment in perpetuity." (citing *Ariadne*, 133 F.3d at 879). The situation in *Miele* is almost identical to that in the present case. In 1995, Plaintiff was informed that her monthly payment would change and was aware that the payments, with the exception of a yearly fixed increase, would remain the same. Thus, she has no excuse for not filing her claim earlier.

## IV. Conclusion

Since the Court is not persuaded by Plaintiff's reliance on the continuing claims doctrine, the Court finds that Plaintiff's claims are barred by the applicable six-year statute of limitations. As a result of Plaintiff's failure to meet the burden of establishing jurisdiction, Defendant's Motion to Dismiss is hereby GRANTED.

The Clerk of the Court is hereby directed to dismiss Plaintiff's complaint without prejudice.

---

**6.** Although *Miele* is only persuasive precedent, it is factually similar to this case and the Court finds its reasoning to be sound.