**FOUR STAR OIL & GAS COMPANY,**
**Formerly Getty Oil Company,**
**Plaintiff,**

v.

**The UNITED STATES, Defendant.**

No. 99–899 T.

United States Court of Federal Claims.

Dec. 7, 2001.

Mary A. McNulty, Dallas, TX, for plaintiff. Emily A. Parker and David J. Dziak, of counsel.

Charles M. Ruchelman, with whom was Eileen J. O'Connor, Assistant Attorney General, Tax Division, United States Department of Justice, Washington, DC, for defendant. Mildred L. Seidman, Chief, Court of Federal Claims Section, Tax Division, United States Department of Justice, Washington, DC, of counsel.

## ORDER

HEWITT, Judge.

Before the court is plaintiff's Motion for Reconsideration (Pl.'s Mot. Reconsid.) of the court's July 11, 2001 Opinion and Order (Opinion) and defendant's Motion for Reconsideration in Part [1] (Def.'s Mot. Reconsid.) of

the same Opinion. *See Four Star Oil & Gas Co. v. United States,* 49 Fed.Cl. 755 (2001).

Plaintiff seeks reconsideration primarily of the court's holding that "plaintiff's claim for unpaid overpayment interest was not filed in this court within the six-year limitations period." Pl.'s Mot. Reconsid. at 1. Defendant seeks reconsideration of the court's conclusion that plaintiff's "claim for refund of deficiency interest, and for overpayment interest on that deficiency interest, constitute two separate and independent causes of action." Def.'s Mot. Reconsid. at 1–2. For the following reasons, defendant's motion is GRANTED in part and DENIED in part and plaintiff's motion is DENIED.

Plaintiff continues to seek additional overpayment interest on a refund of $706,316 made to plaintiff in November 1993 for its excise tax period ending June 20, 1980. Complaint ¶ 11. Plaintiff argued in its original summary judgment motion that the deficiency interest was improperly assessed because no amount was due and unpaid for the tax period as to which deficiency interest was assessed. Plaintiff's Motion for Summary Judgment and Brief in Support Thereof at 7–11. The court determined that plaintiff's claim for deficiency interest was time-barred because it was not brought within six months after the expiration of the extended assessment period. Opinion at 761–762.

Defendant argues, in its motion for reconsideration, that the court erred in characterizing plaintiff's claim for deficiency interest and for overpayment interest on that deficiency interest as two separate, independent claims. Def. Mot. Reconsid. at 1–6. The court recognized the force of this argument in its prior opinion when it stated that the "gravamen of plaintiff's complaint is that the deficiency interest ... should not have been assessed." *See* Opinion at 760. Nevertheless, the court treated part of plaintiff's claim as one for overpayment interest. The thrust of defendant's argument is that plaintiff's attempt to recover additional overpayment interest is so integrally related to its claim

---

1. In addition to substantive arguments raised in its motion, defendant submitted an appendix containing several typographical errors it asked the court to correct. The court addresses one necessary correction in this opinion at footnote 3, where the court sets out all of the modifications that are made to the July 11, 2001 Opinion and Order by this reconsideration.

for improperly assessed deficiency interest that allowing plaintiff to proceed on a claim for overpayment interest would be giving plaintiff a second bite at the apple for its claim for improperly assessed deficiency interest—the very claim which the court held is time-barred. Upon reconsideration, the court accepts defendant's view of the characterization issue—that is, plaintiff has one claim and that claim is for improperly assessed deficiency interest.

Plaintiff contends that the principal error which necessitates recovery of additional overpayment interest is that the IRS miscalculated the balance upon which overpayment interest was computed because it "ignored the accrued overpayment interest and *considered there to be an underpayment balance* of $398,396 in the account after the credit transfer. Therefore, from February 28, 1981, through December 31, 1982, the IRS accrued underpayment interest on the $398,396 underpayment balance, even though there remained outstanding accrued overpayment interest of $968,597." Affidavit of David H. Boucher (Boucher affidavit) at 10 (emphasis added).[2]

The court continues to believe that the "gravamen of plaintiff's complaint is that the deficiency interest for March 1, 1981 through December 31, 1982 should not have been assessed." *See* Opinion at 760. Thus, plaintiff's complaint with respect to the additional interest it continues to seek relates in substance to plaintiff's contention that the IRS should not have assessed deficiency interest for the period that the court has already concluded is time-barred. The court agrees with defendant that "plaintiff [does] not have a separate cause of action for recovery of overpayment ... interest, because the over-payment ... interest was dependent upon the recovery of underpayment ... interest." *See* Def.'s Mot. Reconsid. at 1.

In the court's view, as further informed by briefing on the pending motions by the parties, the determination of whether or not plaintiff is entitled to additional overpayment interest would necessarily require the court first to determine whether or not deficiency. interest was improperly assessed. Therefore, plaintiff is merely recasting its claim for improperly assessed deficiency interest. Because the court would need to decide what amounts (deficiency or overpayment interest) would offset the balance upon which overpayment interest is calculated for the 1993 refund, the court would, in effect, be adjudicating the time-barred claim for deficiency interest, an adjudication beyond its jurisdiction. The statute of limitations is "a jurisdictional requirement attached by Congress" that must be strictly construed, *Hopland Band of Pomo Indians v. United States,* 855 F.2d 1573, 1576–77 (Fed.Cir.1988), and may not be waived by the court or the parties. *Alder Terrace, Inc. v. United States,* 161 F.3d 1372, 1377 (Fed.Cir.1998) (citing *Hart v. United States,* 910 F.2d 815, 817 (Fed.Cir. 1990)); *See also Seldovia Native Ass'n, Inc. v. United States,* 144 F.3d 769, 774 (Fed.Cir. 1998) (holding that statute of limitations is jurisdictional).

Because the court finds that plaintiff does not have a separate claim for overpayment interest, the court need not address the parties' arguments regarding the time when a claim for overpayment interest accrues.

Because the court finds plaintiff's claim for overpayment interest is correctly characterized as part and parcel of its claim for deficiency interest, the court also need not address defendant's arguments regarding whether or not there are different jurisdictional prerequisites and limitations periods applicable to each separate claim.

---

2. The Boucher affidavit was submitted together with Plaintiff's Motion for Summary Judgment and Brief in Support Thereof on January 18, 2001, Dkt. No. 28.

For the foregoing reasons, defendant's motion is GRANTED to the extent stated and otherwise is DENIED as moot and plaintiff's motion is DENIED. The direction to enter judgment contained in the Opinion at 765 shall be undisturbed hereby.[3]

IT IS SO ORDERED.

---

**3.** The foregoing reconsideration shall have the effect of modifying the July 11, 2001 Opinion & Order as follows:

1) Opinion at 757: In the second full paragraph, the sentence, "The return was due on August 31, 1980." shall be deleted and the sentence "The return was due in August 1980." shall be inserted in its place. The change is necessary to conform to the parties' Joint Stipulations.

2) Opinion at 761: In the first full paragraph, the following section shall be deleted: the three sentences beginning with "The court agrees with defendant" and concluding with "(in light of a previous refund of overpayment interest). Jt. Stip. ¶¶ 35–36." In the next sentence beginning "The court believes it ..." the comma after "overpayment" shall be deleted and replaced with a period and the concluding phrase "because the computation affected both types of interest" shall be deleted. In the second full paragraph, the final five sentences beginning "The court disagrees. Overpayment interest is earned when ..." and concluding with "through the date of a judgment for plaintiff." shall be deleted.

3) Opinion at 763–765: Section II.B.4 of the opinion shall be deleted in its entirety.